JEHU REED, defendant below, appellant, *vs.* WILLIAM LEGG, plaintiff below, respondent.

Same *vs.* CHARLES LEGG.

Justification under search warrant will shield the officer, but not the informer, if no goods be found.
In such case the person taking out the warrant is a *trespasser*.
Trespass vi et armis, and not trespass on the case, is the proper remedy.

APPEALS from the judgment of Justice Stevenson, in actions of trespass. Plea, justification under a search warrant.

The two cases, depending on the same testimony, were tried together.

The plaintiffs below brought these actions of trespass, vi et armis, quare clausum fregit, against Reed, who had obtained warrants to search for stolen goods, and entered plaintiff's houses with the officer for that purpose.

The officer proved that Reed accompanied him first to Charles Legg's house and afterwards to William Legg's, which they entered and searched thoroughly, but peaceably. Nothing was found at Charles Legg's; several articles were found at William Legg's which Reed claimed, and which were given up without resistance

or hesitation, both Legg and his wife saying they had got them from one Conner, who was a clerk for Reed, who admitted that he had let Conner have these articles to sell for him on commission.

The warrant was granted on the oath of Reed; and, after the search, William Legg was held to bail. It turned out, on investigation, that Legg had procured the goods from Conner, as stated by him. The prosecution of course failed; and these actions were brought before justice Stevenson for the alledged trespass.

*Frame,* for defendant below, now moved a nonsuit. This is an action of trespass vi et armis, quare clausum fregit : the plea is justification : the proof on the plaintiff's own showing is, that the defendant went with the constable in execution of a lawful warrant; and entered in his company, and acting under his directions. The only entry was in execution of lawful process, and I submit that in such a case, even if any action would lie against the defendant, the remedy is by trespass on the case, and not trespass vi et armis. Even if malice was the foundation of the defendant's proceedings in searching these houses, still the action must be for the malice, and not for the trespass. No person who acts under a regular writ or warrant, however malicious his motives, can be sued in trespass ; the action is case. 1 *Chitty Plead.* 137-8-9-140. Nor can I be answered, that there has here been an excess of authority amounting to a substantive trespass, (which is an exception according to *Chitty,*) 1st. because there is no evidence of such excess ; and 2dly. if there was, it cannot be taken advantage of on the present state of pleadings, as the excess is not replied to the plea of justification.

*Bates,* contra. A man who sues out execution on a judgment which is paid, and levies it on the defendant's goods is a trespasser. *Minus* vs. *Slant* and *Harvey,* 1 *Harr. Rep.* 445. So a person who gets a search warrant, and upon searching finds nothing, is guilty of a trespass. Every man who enters another's house, though under color of legal process, does it at his peril. The officer may be protected, for he does but his duty according to the command of the writ ; but the instigator of the proceeding, the accuser, is not protected by any such shield, and if he fail to discover what will support his charge and justify his proceeding, he is liable as a trespasser.

*Per curiam.*

J. M. CLAYTON, *Chief Justice.*—This case turns on the question, whether there were goods found on the premises of the plaintiff's below belonging to Reed ; and this is a question for the jury. As to the form of action, there is scarcely any question that is more vexed than the one raised in the argument; authorities may be found both

ways ; but we consider the question as settled in this state, by a de-
cision of the late High Court of Errors and Appeals, in the case of
*Simpson* vs. *Smith,* June Term 1817. (*a*)    The decision there was,

(*a*) The reporter has been kindly permitted by Henry M. Ridgely, Esq.
to abstract this case from the notes of the late Chancellor Ridgely.

John Simpson *vs.* John Smith.

Writ of error to the Supreme Court.

The case in the Supreme Court was as follows : John Smith, by an ap-
plication on oath to a justice of the peace, procured a warrant to search
Simpson's house for stolen goods.    He went with the officer executing the
warrant, and *entered the house* in the absence of Simpson, (but in the pre-
sence of his uncle,) and made search, but found no goods.    Simpson brought
an action of trespass vi et armis quare clausum fregit.    The question was
whether trespass could be maintained.    The defendant's counsel insisted
that *case* was the remedy ; but the counsel for the plaintiff, contended that
the *officer* only could be protected by the warrant, that the defendant enter-
ed and searched at his peril, acting voluntarily upon his own motion ; and
therefore that the action was regularly brought.

The case was tried before chief justice Johns, and Richard Cooper, justice,
who divided in opinion on the point, which was stated to be the principal
one, whether the defendant could be a trespasser in any event.    One of the
judges was of opinion that he could not be a trespasser, whether the goods
were found or not, *unless there was an actual breaking :* the other judge
expressed the opinion to the jury, that the defendant was to be considered
as a trespasser if the search was made under the coercion of the warrant,
without the voluntary assent of the plaintiff's uncle.

The jury found a verdict for the defendant, upon which Simpson brought
this writ of error.

The cause was heard in the Court of Appeals, before Ridgely chancellor,
Booth chief justice, and Warner justice of the Court of Common Pleas ; and
William B. Cooper and Davis justices of the Supreme Court.    It was argu-
ed by M'Lane for the plaintiff in error ; and Van Dyke and Rodney for the
defendant in error.

*M'Lane* for plaintiff in error :

The single question is, whether the action of trespass vi et armis, or tres-
pass on the case, is the proper form of remedy against a party, not an offi-
cer, who enters the house under a warrant to search for stolen goods, but
finds none.    The officer is protected by his warrant, but the party who vo-
luntarily makes the oath, enters and searches, is a trespasser, no goods be-
ing found.    His entry is not lawful, not compulsory but voluntary ; he is,
therefore, responsible for consequences ; and if no goods be found is guilty
of a trespass ; and trespass vi et armis is the proper remedy.    3 *Hawk.* 180,
*note b.  Book* 2 *ch.* 13 *sec.* 17 ; 2 *Wils.* 291-2 ; 2 *Hale* 113, 151 ; *Bos.*
*& Pul.* 222.

that though the search warrant justifies the entry of the officer, it is no protection to the party upon whose oath it is obtained, no goods being found upon search, but that he is a *trespasser.* We confine ourselves to the law as *settled* by that case.

Nonsuit refused.

*Bates,* for plaintiff below.
*Frame,* for defendant below.

*Van Dyke,* for defendant in error :

This doctrine, if sanctioned by the court, will produce great inconveni‑ ence. The position contended for is, that the party will be liable to an ac‑ tion of trespass vi et armis if stolen goods are not found on the search, no matter how strong the suspicion, or even if the stolen goods had been seen there, if they could not now be found. I dont believe that such is the rule in England ; but in Delaware, every citizen has the right to a search war‑ rant under certain restrictions, and he is, therefore, not liable while proper‑ ly exercising this right. It would be extraordinary indeed, if a party, hav‑ ing the constitutional right to search upon probable cause, supported by his oath (*Art.* 1, *sec.* 6,) and not being guilty of any excess or abuse of this power, should be adjudged guilty as a trespasser *ab initio.* It is admitted that the officer is justified ; it is as necessary for the complainant to go along to indentify the goods, as for the officer to make search ; he cannot, there‑ fore be a trespasser. 3 *Esp. Rep.* 135, *Cooper et al* vs. *Booth,* an excise officer not guilty of a trespass, either in *procuring* or executing a warrant to search for smuggled goods, no goods being found : yet if he procured it maliciously, he would have been answerable in an action on the case. The regular execution of a lawful warrant can never be a trespass.

*Rodney,* for defendant in error :

There was sufficient evidence to justify the suspicion of the applicant in this case for the search warrant. If the party was admitted by the express or implied consent of Simpson or his family, no action could lie. Volenti non fit injuria. Consensus tollit errorem. There was some evidence on this subject ; the plaintiff's uncle went with the searchers, it was a fact for the jury to find ; and if they believed there was an assent to the search, either express or implied, the defendant is not liable. There was no break‑ ing of doors ; business all mildly conducted.

*M'Lane,* in reply :

The facts are not before the court. We are here on a point of law, whe‑ ther a private individual can justify an entry under a search warrant ob‑ tained at his own instance, there being no goods found. As to consent, none was given, either by wife or uncle, they but submitted to the authority of the warrant. Their assent could not bind the plaintiff; they had no right to consent to his house being searched for stolen goods. We sued for the breaking and entry. The defendant is liable unless he justifies, under some

ISAAC GRIFFITH *vs.* JAMES JOHNSON'S Administrator.

An agent is liable to refund money paid to him by a mistake in fact, he being notified of the mistake before he paid the money over to his principal.

NARR. in assumpsit. Plea, the general issue, &c.

Action to recover back money paid by mistake of a fact. John-son, as the agent of one Willey, collected a debt due from plaintiff

circumstances or authority; the writ here is none, unless goods be found. Lord Camden is express, that the party is liable. In 3 *Wils.* 434, the offi-cer acting under 10 *Geo.* 1, *c.* 10, is treated as a party, and held a trespas-ser. In 3 *Esp. Rep.* 135, Lord Mansfield treats him as *officer*, and there-fore justified. As to custom-house officers, it is their duty to make the oath of suspicion as well as to proceed; they act as officers. The party here was under no obligation to institute proceedings; having done it voluntarily, he did it at his peril. The constitution is not imperative on the party to in-stitute proceedings as it is on the magistrate and constable to carry them on; they, therefore, are protected, acting from necessity, while he is not.

The opinion of the court was delivered by

RIDGELY, *Chancellor.*—This case will be decided by settling the question whether Smith was a trespasser, no goods being found in the house of Simp-son, on the execution of the warrant. If Smith was a trespasser, then the directions given to the jury were wrong, for in that event, no actual break-ing was necessary to constitute him a trespasser; neither will any assent to the search being made excuse him; because Simpson was bound to submit to the warrant. As this case appears, the assent of Simpson himself would not avail Smith, because it would have been an assent to an act to which he was obliged to yield, and which he could not and ought not to resist; and consequently the act of the uncle can have no effect. The case turns on the innocence of Simpson. It is no excuse to Smith that he entered with the officer executing the warrant. The warrant protected the officer, but not Smith. The officer was bound to execute it. His duty compelled him so to do. In Smith it was voluntary. He was under no obligation to charge Simpson, unless he had been really guilty; and although circum-stances might have been very strong, and might, in the mind of Smith, have amounted to full proof of Simpson's guilt, yet Smith was the actor, the vo-luntary actor, guided by his own judgment; Simpson was passive, obliged to submit; and it is far better that the innocent man should be protected, who merely yields to the law, than that the first mover, however uninten-tional, of mischief, should be at liberty to disturb the repose of families, create trouble, confusion and distress, and expose to suspicion the plaintiff's character, without cause. There may be some hardship on both sides; but, even if that consideration could enter into the question, it is less on the part of the defendant than plaintiff.

by bond; and, in calculating the balance due, he took, by mistake, $61 49 more than was due. The mistake was discovered, and Johnson notified of it, before he had paid the money over to his principal.

A witness was called to prove the indorsement on the back of the bond, of sundry payments, in the hand-writing of Willey and of Johnson.

The case of the excise officer, *Bostock* vs. *Saunders and others*, 3 *Wils.* 434; 2 *Blacks.* 912, has been over-ruled by the Court of King's bench, in *Cooper et al.* vs. *Booth*, 3 *Esp. Rep.* 135, (cited 1 *Term*, 535.) This last case was decided entirely on the act 10 *Geo.* 1, *ch.* 13, and is clearly distinguishable from the present case. 1. By that act a duty is *imposed on* an excise officer who has grounds of suspicion, to lay such grounds on oath before the commissioner of excise; and 2ndly. To avoid the warrant in respect of the excise officer, on the event of not finding the goods searched for, and to consider him (the officer) a trespasser by relation, would repeal the act of parliament. These are some of Lord Mansfield's reasons for deciding in favor of the officer; but the whole case is founded on the act of parliament; and as that, in the opinion of the court, justified or excused the officer, it is not a case similar to the one before us.

According to Lord Hale, 2 *Pleas Crown* 150, 151, the officer is excused, but the party who makes the suggestion is answerable if no goods be found: and in 2 *Wils.* 296–1, it was resolved, that if on a search warrant, no goods are found, the informer is a trespasser. [3 *Burns' Jus.* 228; 3 *Esp.* 135; 2 *Stark. Ev.* 813, 818; 2 *Stark. Rep.* 393; 6 *Term Rep.* 315; 3 *Com. Law Rep.* 161.]

No case has been produced, and I know of none, which excuses the person procuring the warrant. Certainly the case of excise officers depends on very different principles.

The constitution *Art.* 1, *s.* 6, was made to protect the rights of individuals, and to secure them from searches and seizures, except under the restrictions therein prescribed. It never was designed to enlarge the means of access, nor to excuse a person searching, if the party searched were innocent. It is a mandate to the justice; he is bound to comply with its injunctions; and perhaps I should not go too far to say that a warrant differing from the form, and without the pre-requisites of the constitution would be void, and that the justice, constable and informer, would all be liable in an action of trespass. However, this is not before the court, and not necessary now to be decided. It is enough to say, that the constitution has no application to the case under consideration.

Judgment reversed; *Judges* BOOTH, WARNER and DAVIS, concurring; COOPER, *Justice*, contra.

*M'Lane*, for plaintiff in error.

*Van Dyke* and *Rodney*, for defendant.